OUTLOOK ENVELOPE CO. et al. v. WHITING–PATTERSON CO. et al.

(District Court, E. D. Pennsylvania. October 31, 1916.)

No. 1565.

PATENTS ⬦328—VALIDITY AND INFRINGEMENT—ENVELOPE-MAKING MACHINE.
    The Slater patent, No. 893,105, for an envelope-making machine for making outlook or window envelopes, *held* valid and infringed on motion for preliminary injunction.

In Equity. Suit by the Outlook Envelope Company and others against the Whiting-Patterson Company and others. On motion for preliminary injunction. Injunction granted.

J. Bonsall Taylor and E. H. Fairbanks, both of Philadelphia, Pa., and George H. Kennedy, Jr., of Worcester, Mass., for plaintiffs.
Fenton & Blount, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This bill voices the complaint of a trespass upon the proprietary rights of the plaintiff and its appeal for protection. The right is the one conferred by letters patent No. 893,-105, known as the Slater patent.

The claims in issue are 5, 14, and 15. A prima facie case is made out through the grant of the letters, general acquiescence in the recognition of the right thus conferred, the adjudication of the validity of the patent, and proofs of the infringing acts. The answer is a negation of this validity, an avoidance of the legal effect of the adjudication, and a denial of infringement. The adjudications are of value to us, not merely because of the formal necessity of such adjudication, or its equivalent in general acquiescence, but also because such adjudication (at least for the purposes of the present motion) settles the question of exclusive right to the subject-matter of the patent and reduces the issue to one of infringement. The patent relates to envelopes so designed as not to require addressing. This is accomplished by having a part of the envelope made transparent, so that the name of the addressee on the paper inclosed shows through this transparent part and answers all the purposes of the address. The envelope practically addresses itself. The invention claimed is that of a machine for mak-

ing such envelopes, and the claim is made "for a new and useful improvement in envelope-making machines." The envelopes made on such machines are known as outlook or window envelopes.

The application was filed July 6, 1903, and the letters issued July 14, 1908. Some time later complaint was duly made that the Samuel Cupples Envelope Company had infringed this patent. The bill of complaint was dismissed by the District Court for the Southern District of New York by decree entered December 3, 1913, which decree was in turn reversed by the Circuit Court of Appeals, Second Circuit, 223 Fed. 327, 138 C. C. A. 589. This latter decree adjudged the patent to be valid and infringed. This settles for us, upon this motion, all questions thus decided. A finding was there made of utility, although this is not in dispute, and the usefulness of the machine is perhaps disclosed by the fact now adverted to. It is a not incurious fact that the advantages of the window envelope itself were not at first recognized. A patent for them was taken out as early as 1862. The advantages of their use were clearly comprehended and fully described by the inventor, but the envelope did not commend itself and did not come into general use. The efforts subsequently made to extend its use were hampered by the fact that there were machines for making the ordinary envelope, but there was none to make this. In consequence the increased cost was prohibitive of extended use. The value of the Slater machine lies in the fact that he found a means of adapting the ordinary envelope machine to the accomplishment of the work of adding the window feature to the ordinary envelope. The further finding, therefore, was that he was a pioneer and had created a new industry, and because of this his patent should have a liberal construction. The invention was of the primary class.

It sufficeth for present purposes to know that the court sustained claims 5 and 15, and they were held to be infringed by the Kniester machine, which had itself been patented. This ruling was followed in another case, and all the claims now in issue were upheld and found infringed. These rulings, with the proofs of a like infringement submitted, require us to turn to the defendant to have supplied some reason for the rulings thus made not being now followed.

The first observation made of the aged character of the elements of construction in this machine is true only in a sense. In the sense in which it is true, it is so, necessarily, because the task which Slater set himself was to take an old machine with all its parts and transform it into something wholly and entirely new. The machine he constructed was in no sense old, but absolutely new in purpose and accomplishment. We say it was "wholly and entirely new," because as a whole and in its entirety it was new; not that every part of it, and every element of it, or every function of it, was new. This right to what he invented does not depend upon the indefensible claim of exclusive right to a result, however accomplished; but the right is to his means and equivalent means of accomplishing that result. In view of this, the point now made that the patent is invalid, because the claims are for an

aggregation, as distinguished from a combination, and that this defense was not before presented, rests upon distinctions too fine to be given recognition on this motion.

The same thing, although with less force, may be said of the defense of noninfringement. Indeed, the defense now presented was urged in the second case cited. If not a defense on final hearing, a fortiori it is not an answer to the present motion. All that need now be ruled is that on this motion plaintiff is entitled to the remedy invoked, and this we say mindful of the point made that defendant has the benefit of a responsive answer.

As the case must be tried upon its facts, we deem it proper to follow the rule of refraining from their discussion at this time. The point made that the injunction should not include the individual defendants is well taken, and the writ is refused as to them, with leave to plaintiff to renew its motion, should justification for it arise.

Let the injunction issue against the Whiting-Patterson Company upon the filing of the usual injunction bond in the sum of $5,000.